AE

KC **FILED**

DEC 21 2007
DEC 21 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SHIRLEY JONES,** | 07CV7205 |
| Plaintiff, | JUDGE KENDALL |
| v. | MAGISTRATE JUDGE NOLAN |
| **UPS,** a corporation, | ) Jury Demanded ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Shirley Jones ("Plaintiff"), by her undersigned counsel, complains of Defendant, UPS, f/k/s United Parcel Service, Inc., a corporation ("Defendant"), as follows:

### Jurisdiction and Venue

1. Plaintiff is alleging violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), i.e. claims of sexual discrimination and retaliation, and violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). This Court has jurisdiction over the claims herein pursuant to 42 U.S.C § 2000e-5(f)(3), 28 U.S.C. §§ 1331 and 1343(4) and under 29 U.S.C. § 2617(a)(2).

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) as all the acts complained of occurred in the Northern District of Illinois, and at all relevant times, Defendant was doing business in the Northern District of Illinois.

### The Parties

3. Plaintiff is a female individual who at all relevant times herein worked for Defendant in the Northern District of Illinois at its Addison, Illinois facility. At all times

relevant hereto, Plaintiff was an "eligible employee" within the meaning of the FMLA in that she was employed by Defendant for at least 12 months, and as Defendant's employee she worked more than 1,250 hours in the year preceding her leave.

4.  Defendant is a corporation, qualified to do business in Illinois and engaged in commerce or in an industry affecting commerce which at all relevant times was employing at least 50 workers for each working day during each of 20 or more nonconsecutive calendar workweeks in the current or preceding year. At all relevant times, Defendant was a covered "employer" within the meaning of both the FMLA and Title VII.

5.  Plaintiff was hired in January of 1989 to work in data entry and at the time of her abrupt termination on January 5, 2007 was working as credit associate.

## PROCEDURAL REQUIREMENTS

6.  On or about April 26, 2007, Plaintiff filed Charges of Discrimination against Defendant with the federal Equal Employment Opportunity Commission ("EEOC") satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). Plaintiffs' Charges of Discrimination were timely filed within 300 days after the alleged unlawful employment practices occurred. On September 28, 2007 the EEOC issued Notice of Right-to-Sue letter to Plaintiff. This action has been timely brought less than 90 days after Plaintiff's receipt of her Notice of Right to Sue letter.

## COUNT I
### (Sexual Harassment and Retaliation in Violation in Title VII)

1.  Plaintiff adopts and incorporates paragraphs 1 through 6 above as paragraph 7 of Count I.

2.  Plaintiff is a woman, and as such is a member of a group protected under Title VII from discrimination on the basis of her sex.

3.  During the course of her employment, Plaintiff was repeatedly subjected to a pattern of sexual harassment and discrimination, including but not limited to, unwelcome sexual comments, advances and requests for sexual relations and sexual favors by a co-worker, Marco Garcia, in the spring - summer of 2006. The harassment also consisted of, *inter alia,* numerous harassing and obscene telephone calls when Mr. Garcia would call Plaintiff at all hours of the day and night to request dates, sexual favors and otherwise make unwelcome and improper sexual remarks to her.

4.  Garcia was often under the influence of alcohol, both on and off work hours, when he would harass Plaintiff and Plaintiff's supervisor(s) and co-workers alike knew of and tolerated Garcia's drinking and drunkenness at work.

5.  Plaintiff did not encourage, welcome or consent to any of the said conduct and said conduct continued despite her complaints and protests to Defendant's management, including, Mr. Al Edwards, Facility Manager.

6.  Employees of the opposite sex were not subjected to the harassment described above, and Plaintiff was subjected to such harassment on the basis of her sex, female.

7.  Defendant had notice of, and is responsible for, the harassment described above because such actions were committed by Garcia, a co-worker, and the harassment was permitted to continue for over months until Garcia was *finally* moved away from her.

8.  Said harassment was also sufficiently widespread, pervasive, and prevalent at Defendant, especially given Garcia's drunkenness, to charge Defendant with constructive notice of such harassment.

9.  Defendant conduct further violated 42 U.S.C. § 2000e, *et seq.*, in that:

   a.  It failed to provide Plaintiff with an atmosphere of employment where she could safely work, free from physical and verbal harassment, intimidation and retaliation;

      b.    It failed to promptly respond to Plaintiff (and perhaps others) complaints of sexual harassment;

      c.    It failed to promptly take appropriate remedial action when it knew of the harassment of Plaintiff;

      d.    It failed to discharge, suspend, reprimand or otherwise discipline Garcia, and any others who acquiesced in or ignored the harassment and retaliation; and

      e.    It failed to implement and/or enforce an anti-sexual harassment retaliation and discrimination policy to protect its employees, including Plaintiff.

10.    On or about January 5, 2007, and as a result of Plaintiff's complaints of sexual harassment, she was suddenly and abruptly terminated in retaliation for her complaints about Garcia, by Mr. Edwards (who was also a friend of Garcia).

11.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), as amended, prohibits discriminatory treatment in employment based upon sex and prohibits employers from taking retaliatory actions when employees complain about discriminatory treatment.

12.    The above described conduct, which was permitted to continue despite Plaintiff's protests and objections, adversely affected her psychological well-being and interfered with her ability to perform her job responsibilities. It also created an intimidating, hostile and offensive work environment in violation of Title VII.

13.    Such conduct denied Plaintiff the protection and civil rights guaranteed by Title VII of the Civil Rights Act, as amended.

14.    As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights, she has lost income, including but not limited to wages, fringes and other benefits.

15.    As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and dignity, Plaintiff has suffered severe emotional distress, anguish, financial hardship, and humiliation.

16. The above described conduct was engaged in with malice and/or reckless indifference to Plaintiff's federally protected rights and warrants the imposition of punitive damages.

### Relief Sought

**WHEREFORE**, Plaintiff Shirley Jones prays that this Court grant the following relief against Buffets:

A. Award her appropriate front pay in an amount to be determined at trial, as reinstatement would be impracticable.

B. Award her appropriate back pay, including overtime pay, pension benefits and other employment benefits which would have accrued since January 5, 2007, plus interest, so as to render Plaintiff whole from the unlawful discharge.

C. Award Plaintiff compensatory damages for pain, suffering and mental anguish, and for punitive damages, in the sum of $300,000 or as otherwise authorized by Title VII, as amended.

D. Award Plaintiff her costs of litigation, including expert witness fees and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k).

E. Grant Plaintiff any additional relief as this Court may deem proper.

### COUNT II
### (FMLA Violations)

1. Plaintiff adopts and incorporates paragraph 1 above as paragraph 1 of Count II.

2. At all times relevant hereto, the FMLA expressly provided that an eligible employee be granted up to 12 weeks of unpaid leave for a serious medical condition which prevents the employee from performing the essential functions of his or her job.

3. The FMLA further provides that an employee, upon returning from such leave, must be given back her former position or one with equivalent pay, benefits, and terms and conditions of employment. The FMLA also prohibits retaliation against an

individual for exercising their rights thereunder.

4. During the period preceding her abrupt firing, Plaintiff had taken two FMLA back to back medical leave(s) due to required surgeries both of which are serious health conditions as defined by the FMLA. At all times relevant, Defendant was fully apprised of the need for both surgeries, and her FMLA leave, and Mr. Edwards had made demeaning comments to her about her FMLA leave.

5. Plaintiff returned to work on January 3, 2007. On or about January 5, 2007, Defendant violated the express terms of the FMLA by terminating Plaintiff only two days after her return to work.

6. Defendant interfered with, restrained, and denied Plaintiff's exercise of her rights to FMLA leave by unlawfully discharging her only two days after her return to work, as a result of her FMLA leave.

7. As a direct and proximate result of Defendant's conduct, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits.

8. Defendant willfully and wantonly discharged Plaintiff from her from her job in violation of the letter and spirit of the FMLA and such misconduct warrants the imposition of punitive (liquidated) damages.

**WHEREFORE**, Plaintiff Shirley Jones, prays that this Court grant the following relief:

a) Advance this case on the docket, order a speedy hearing or trial at the earliest practical date and cause this case to be expedited in every possible way;

b) Award Plaintiff the appropriate back pay and equitable relief in the form of reimbursement for lost future earnings and other employment related losses since on or about January 5, 2007, plus interest so as to render her whole from the unlawful termination;

c) Award Plaintiff an additional amount as liquidated damages equal

to the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's violations of the FMLA;

d) Award Plaintiff her costs of litigation, including witness fees and reasonable attorneys' fees pursuant to the FMLA; and

e) Grant Plaintiff such further and additional equitable relief as this Court deems just and appropriate.

Plaintiff requests a trial by jury.

Date: December 21, 2007

Respectfully submitted,

**SHIRLEY JONES**

By: _____

One of her attorneys

| | |
|---|---|
| Randall Gold (Illinois ARDC No. 6190918) | Joshua Karmel |
| Fox & Fox, S.C. | The Karmel Law Firm |
| 124 West Broadway | 221 N. LaSalle, Suite 1441 |
| Monona, WI 53716 | Chicago, IL 60603 |
| 608-258-9588 | 312-641-2910 |