IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY JONES, | ) |
| Plaintiff, | ) No. 07-CV-7205 |
| v. | ) Judge Kendall |
| UPS [1], | ) Magistrate Judge Nolan |
| Defendant. | ) |

## INITIAL STATUS REPORT

Plaintiff Shirley Jones ("Jones") and Defendant, United Parcel Service, Inc., ("UPS") hereby submit this Initial Status Report:

**Attorneys of Record**
For Plaintiff:

    Randall Gold
    Fox & Fox, S.C.
    124 West Broadway
    Monona, WI 53716

    Joshua Karmel
    The Karmel Law Firm
    221 N. LaSalle St., Suite 1441
    Chicago, IL 60603

For Defendant:

    John Klages
    Ellen Girard
    Quarles & Brady LLP
    500 W. Madison St., Suite 3700
    Chicago, IL 60661

---

[1] The correct name of Defendant is United Parcel Service, Inc.

1. **Bases for federal jurisdiction** – 42 U.S.C. § 2000e-5(f)(3); 28 U.S.C. §§ 1331 and 1343(4); and 29 U.S.C. § 2617(a)(2).

2. **Nature of claims and counterclaims** – Plaintiff claims that UPS discriminated against her because of her sex (sexual harassment) and retaliated against her in violation of Title VII of the Civil Rights Act of 1964. She also claims that UPS violated the Family and Medical Leave Act (FMLA) when it terminated her employment after she took a medical leave of absence.

3. **Relief sought by plaintiff** – For her Title VII claim, Plaintiff seeks front pay, back pay, compensatory damages in the sum of $300,000, attorneys' fees and costs, and any additional relief this Court may deem proper. For her FMLA claim, Plaintiff seeks a speedy trial, back pay, equitable relief in the form of lost future earnings and other employment related losses plus interest, liquidated damages, attorneys' fees and costs, and any additional relief this Court may deem proper.

4. **Names of parties not served** – None.

5. **Principal legal issues** – Whether Plaintiff was sexually harassed; whether UPS knew or should have know of the harassment and failed to take prompt remedial action; whether Plaintiff engaged in protected activity under Title VII; whether UPS terminated her employment in retaliation for her protected activity; whether UPS terminated her employment because she exercised her rights under the FMLA; whether UPS had a legitimate nondiscriminatory reason for its alleged actions.

6. **Principal factual issues** – Whether Plaintiff's male co-worker called Plaintiff and asked for unwelcome sexual comments, advances and requests for sexual relations and sexual

favors in the spring-summer 2006; whether Plaintiff's male co-worker's conduct was severe and pervasive and interfered with Plaintiff's work performance or created an environment that was intimidating, hostile or offensive; whether Plaintiff was subjected to conduct that was both subjectively and objectively hostile or abusive; whether UPS knew or should have known of the co-worker's alleged conduct toward Plaintiff and whether UPS took reasonable care to correct and prevent any sexually harassing behavior toward Plaintiff; whether Plaintiff held a reasonable belief that her co-worker's conduct was unlawful; whether UPS terminated Plaintiff's employment because she complained of sexual harassment; whether Plaintiff was meeting UPS' legitimate expectations; whether Plaintiff was treated less favorably than similarly situated employees who did not engaged in statutorily protected activity; whether UPS would not have terminated Plaintiff's employment but for the fact that she took a medical leave of absence; whether UPS terminated Plaintiff for a legitimate, nondiscriminatory reason: insubordination.

7.  **Whether a jury trial is expected** – Plaintiff has requested a jury trial.

8.  **Discovery** – No discovery has been requested or exchanged. The parties jointly propose to the Court the following discovery plan:

    a.  The parties propose that all discovery be completed September 5, 2008, and that the dispositive motion deadline be set for October 6, 2008, with responses due November 3, 2008, and replies due November 24, 2008.

    b.  The parties agree to exchange by March 17, 2008, the information required by Fed.R.Civ.P. 26(a)(1).

    c.  Plaintiff presently estimates two (2) to five (5) depositions will be necessary. Defendant presently estimates one (1) to three (3) depositions will be necessary.

d.  The parties do not anticipate the use of experts at this time subject to issues found during discovery and/or following Rule 26(a)(1) Disclosures.

9.  **Earliest date the parties will be ready for trial and length of trial** – The parties will be ready for trial by May 2009. The parties estimate the length of trial to be three (3) to four (4) days.

10.  The parties DO NOT unanimously consent to proceed before the Magistrate Judge.

11.  The parties have engaged in preliminary settlement discussions and at this time do not request a settlement conference.

Dated: February 20, 2008

| | |
|---|---|
| PLAINTIFF SHIRLEY JONES | DEFENDANT UNITED PARCEL SERVICE, INC. |
| */s/ Randall B. Gold* | */s/ Ellen Girard* |
| Attorneys for Plaintiff | Attorneys for Defendant |
| Randall Gold | John A. Klages |
| Fox & Fox, S.C. | Ellen M. Girard |
| 124 West Broadway | Quarles & Brady LLP |
| Monona, WI 53716 | 500 W. Madison St., Ste. 3700 |
| (608) 258-9588 | Chicago, IL 60661 |
| | (312) 715-5000 |
| Joshua N. Karmel | |
| Karmel & Gilden | |
| 221 N. LaSalle Street, Suite 1414 | |
| Chicago, IL 60601 | |
| (312) 641-2910 | |

- 5 -

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on February 20, 2008, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        Randall Gold
        Fox & Fox, S.C.
        124 West Broadway
        Monona, WI 53716

        Joshua Karmel
        The Karmel Law Firm
        221 N. LaSalle St., Suite 1441
        Chicago, IL 60603

                            /s/ Ellen M. Girard