IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHIRLEY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-CV-7205 |
| | ) | |
| v. | ) | Judge Kendall |
| | ) | |
| UPS,[1] | ) | Magistrate Judge Nolan |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant United Parcel Service, Inc. ("UPS"), submits its Answer and Affirmative Defenses to the Complaint filed on behalf of Plaintiff Shirley Jones ("Jones" or "Plaintiff"), as follows:

### Jurisdiction and Venue

1.     Plaintiff is alleging violation of her rights under Title VII of the Civil Rights Act of 1964, 42, U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991 ("Title VII"), i.e. claims of sexual discrimination and retaliation, and violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). This Court has jurisdiction over the claims herein pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §§ 1331 and 1343(4) and under 29 U.S.C. § 2617(a)(2).

**ANSWER:**   UPS admits that Plaintiff is alleging violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*, and that this Court has jurisdiction over the claims advanced herein pursuant to 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. §§ 1331 and 1343(4) and under 29 U.S.C. § 2617(a)(2). Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

---

[1] The correct name of Defendant is United parcel Service, Inc.

2. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) as all the acts complained of occurred in the Northern District of Illinois, and at all relevant times, Defendant was doing business in the Northern District of Illinois.

**ANSWER:** UPS admits the allegations of Paragraph 2.

### The Parties

3. Plaintiff is a female individual who at all relevant times herein worked for Defendant in the Northern District of Illinois at its Addison, Illinois facility. At all times relevant hereto, Plaintiff was an "eligible employee" within the meaning of the FMLA in that she was employed by Defendant for at least 12 months, and as Defendant's employee she worked more that 1,250 hours in the year preceding her leave.

**ANSWER:** UPS admits the allegations of Paragraph 3.

4. Defendant is a corporation, qualified to do business in Illinois and engaged in commerce or in an industry affecting commerce which at all relevant times was employing at least 50 workers for each working day during each of 20 or more nonconsecutive calendar workweeks in the current or preceding year. At all relevant times, Defendant was a covered "employer" within the meaning of both the FMLA and Title VII.

**ANSWER:** UPS admits the allegations of Paragraph 4.

5. Plaintiff was hired in January of 1989 to work in data entry and at the time of her abrupt termination on January 5, 2007 was working as a credit associate.

**ANSWER:** UPS admits that Plaintiff was hired in January of 1989 as a key entry clerk and that she was working as a credit associate when she was terminated on January 5, 2007. UPS denies the remaining allegations of Paragraph 5.

### PROCEDURAL REQUIREMENTS

6. On or about April 26, 2007, Plaintiff filed Charges of Discrimination against Defendant with the federal Equal Employment Opportunity Commission ("EEOC") satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). Plaintiffs' (sic) Charges of Discrimination were timely filed within 300 days after the alleged unlawful employment practices occurred. On September 28, 2007 the EEOC issued Notice of Right-to-Sue letter to Plaintiff. This action has been timely brought less than 90 days after Plaintiff's receipt of her Notice of Right To Sue letter.

**ANSWER:** UPS admits only that Plaintiff filed a Charge of Discrimination against UPS with the EEOC on or about April 26, 2007, but is without knowledge or information sufficient to form a belief as to the truth of when Plaintiff received a Notice of Right-to-Sue letter and therefore denies this allegation as well as all remaining allegations of Paragraph 6.

## COUNT I
### (Sexual Harassment and Retaliation in Violation in (sic) Title VII)

1. Plaintiff adopts and incorporates paragraphs 1 through 6 above as paragraph 7 (sic) of Count I.

**ANSWER:** UPS hereby incorporates by reference its answers to Paragraphs 1 through 6 above as if fully and completely restated herein.

2. Plaintiff is a woman, and as such is a member of a group protected under Title VII from discrimination on the basis of her sex.

**ANSWER:** UPS admits the allegations of Paragraph 2 of Count I.

3. During the course of her employment, Plaintiff was repeatedly subjected to a pattern of sexual harassment and discrimination, including but not limited to, unwelcome sexual comments, advances and requests for sexual relations and sexual favors by a co-worker, Marco Garcia, in the spring-summer of 2006. The harassment also consisted of, *inter alia*, numerous harassing and obscene telephone calls when Mr. Garcia would call Plaintiff at all hours of the day and night to request dates, sexual favors and otherwise make unwelcome and improper sexual remarks to her.

**ANSWER:** UPS denies the allegations of Paragraph 3 of Count I.

4. Garcia was often under the influence of alcohol, both on and off work hours, when he would harass Plaintiff and Plaintiff's supervisor(s) and co-workers alike knew of and tolerated Garcia's drinking and drunkenness at work.

**ANSWER:** UPS is without knowledge or information sufficient to form a belief as to the truth of whether Garcia was often under the influence of alcohol off work hours or of the

- 3 -

knowledge of Plaintiff's co-workers and thus denies same. UPS denies the remaining allegations of Paragraph 4 of Count I.

5. Plaintiff did not encourage, welcome or consent to any of the said conduct and said conduct continued despite her complaints and protests to Defendant's management, including, Mr. Al Edwards, Facility Manager.

**ANSWER:** UPS denies the allegations of Paragraph 5 of Count I, including any inference or suggestion that any inappropriate conduct occurred.

6. Employees of the opposite sex were not subjected to the harassment described above, and Plaintiff was subjected to such harassment on the basis of her sex, female.

**ANSWER:** UPS denies the allegations of Paragraph 6 of Count I, including any inference or suggestion that any inappropriate conduct occurred.

7. Defendant had notice of, and is responsible for, the harassment described above because such actions were committed by Garcia, a co-worker, and the harassment was permitted to continue for over months until Garcia was *finally* moved away from her.

**ANSWER:** UPS denies the allegations of Paragraph 7 of Count I.

8. Said harassment was also sufficiently widespread, pervasive, and prevalent at Defendant, especially given Garcia's drunkenness, to charge Defendant with constructive notice of such harassment.

**ANSWER:** UPS denies the allegations of Paragraph 8 of Count I.

9. Defendant (sic) conduct further violated 42 U.S.C. § 2000e, *et seq.*, in that:
   a. It failed to provide Plaintiff with an atmosphere of employment where she could safely work, free from physical and verbal harassment, intimidation and retaliation;
   b. It failed to promptly respond to Plaintiff (and perhaps others) complaints of sexual harassment;
   c. It failed to promptly take appropriate remedial action when it knew of the harassment of Plaintiff;

      d.      It failed to discharge, suspend, reprimand or otherwise discipline Garcia, and any others who acquiesced in or ignored the harassment and retaliation; and

      e.      It failed to implement and/or enforce an anti-sexual harassment retaliation and discrimination policy to protect is employees, including Plaintiff.

**ANSWER:** UPS denies the allegations of Paragraph 9 of Count I and all of its subparts. Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

10. On or about January 5, 2007, and as a result of Plaintiff's complaints of sexual harassment, she was suddenly and abruptly terminated in retaliation for her complaints about Garcia, by Mr. Edwards (who was also a friend of Garcia).

**ANSWER:** UPS admits that Plaintiff was terminated on or about January 5, 2007, but denies the remaining allegations of Paragraph 10 of Count I.

11. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), as amended, prohibits discriminatory treatment in employment based upon sex and prohibits employers from taking retaliatory actions when employees complain about discriminatory treatment.

**ANSWER:** UPS admits the allegations of Paragraph 11 of Count I. Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

12. The above restricted conduct, which was permitted to continue despite Plaintiff's protests and objections, adversely affected her psychological well-being and interfered with her ability to perform her job responsibilities. It also created an intimidating, hostile and offensive work environment in violation of Title VII.

**ANSWER:** UPS denies the allegations of Paragraph 12 of Count I. Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

13. Such conduct denied Plaintiff the protection and civil rights guaranteed by Title VII of the Civil Rights Act, as amended.

**ANSWER:** UPS denies the allegations of Paragraph 13 of Count I. Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

14. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights, she has lost her income, including but not limited to wages, fringes and other benefits.

**ANSWER:** UPS denies the allegations of Paragraph 14 of Count I. Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

15. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights and dignity, Plaintiff has suffered severe emotional distress, anguish, financial hardship, and humiliation.

**ANSWER:** UPS denies the allegations of Paragraph 15 of Count I. Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

16. The above described conduct was engaged in with malice and/or reckless indifference to Plaintiff's federally protected rights and warrants the imposition of punitive damages.

**ANSWER:** UPS denies the allegations of Paragraph 16 of Count I. Further answering, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

**Relief Sought**

**WHEREFORE**, Plaintiff Shirley Jones prays that this Court grant the following relief against Buffets (sic):

- A. Award her appropriate front pay in an amount to be determined at trial, as reinstatement would be impracticable.
- B. Award her appropriate back pay, including overtime pay, pension benefits and other employment benefits which would have accrued since January 5, 2007, plus interest, so as to render Plaintiff whole from the unlawful discharge.
- C. Award Plaintiff compensatory damages for pain, suffering and mental anguish, and for punitive damages, in the sum of $300,000 or as otherwise authorized by Title VII, as amended.
- D. Award Plaintiff her costs of litigation, including expert witness fees and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k).
- E. Grant Plaintiff any additional relief as this Court may deem proper.

**ANSWER:** UPS admits that Plaintiff is asking the Court to grant the specific relief requested in the unnumbered Wherefore Paragraph, but denies that Plaintiff is entitled to any relief whatsoever. Answering further, UPS denies that it discriminated or retaliated against Plaintiff in any way protected by law or statute.

WHEREFORE, having fully answered, UPS requests that this Court dismiss Count I of the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

**COUNT II**

**(FMLA Violations)**

1. Plaintiff adopts and incorporates paragraph 1 above as paragraph 1 of Count II.

**ANSWER:** UPS hereby incorporates by reference its answer to Paragraph 1 of Count I above as its answer to Paragraph 1 of Count II as if fully and completely restated herein.

2. At all times relevant hereto, the FMLA expressly provided that an eligible employee be granted up to 12 weeks of unpaid leave for a serious medical condition which prevents the employee from performing the essential functions of his or her job.

QBACTIVE\920018.01128\6043281.1

**ANSWER:** UPS admits the allegations of Paragraph 2 of Count II. Further answering, UPS denies that it violated the FMLA or retaliated against Plaintiff in any way protected by law or statute.

3. The FMLA further provides that an employee, upon returning from such leave, must be given back her former position or one with equivalent pay, benefits, and terms and conditions of employment. The FMLA also prohibits retaliation against an individual for exercising their rights thereunder.

**ANSWER:** UPS admits the FMLA provides, in part, that an employee, upon returning from such leave, must be given back her former position and that the FMLA prohibits retaliation against an individual for exercising his or her rights thereunder. Further answering, UPS denies that it violated the FMLA or retaliated against Plaintiff in any way protected by law or statute.

4. During the period preceding her abrupt firing, Plaintiff had taken two FMLA back to back medical leave(s) due to required surgeries both of which are serious health conditions as defined by FMLA. At all times relevant, Defendant was fully apprised of the need for both surgeries, and her FMLA leave, and Mr. Edwards had made demeaning comments to her about her FMLA leave.

**ANSWER:** UPS admits that during the period preceding her termination, Plaintiff had taken two back to back medical leaves for surgeries and that UPS was apprised of Plaintiff's intention to take such leave, but denies the remaining allegations of Paragraph 4 of Count II.

5. Plaintiff returned to work on January 3, 2007. On or about January 5, 2007, Defendant violated the express terms of the FMLA by terminating Plaintiff only two days after her return to work.

**ANSWER:** UPS admits that Plaintiff returned to work on January 3, 2007, and that she was terminated on January 5, 2007, but denies the remaining allegations of Paragraph 5 of Count II. Further answering, UPS denies that it violated the FMLA.

6. Defendant interfered with, restrained, and denied Plaintiff's exercise of her rights to FMLA leave by unlawfully discharging her only two days after her return to work, as a result of her FMLA leave.

**ANSWER:** UPS denies the allegations of Paragraph 6 of Count II.

7. As a direct and proximate result of Defendant's conduct, Plaintiff has lost and will continue to lose income, including but not limited to wages, raises, insurance and other employment benefits.

**ANSWER:** UPS denies the allegations of Paragraph 7 of Count II.

8. Defendant willfully and wantonly discharged Plaintiff from her job in violation of the letter and spirit of the FMLA and such misconduct warrants the imposition of punitive (liquidated) damages.

**ANSWER:** UPS denies the allegations of Paragraph 8 of Count II.

**WHEREFORE,** Plaintiff Shirley Jones, prays that this Court grant the following relief:
a. Advance this case on the docket, order a speedy hearing or trial at the earliest practical date and cause this case to be expedited in every possible way;
b. Award Plaintiff the appropriate back pay and equitable relief in the form of reimbursement for lost future earnings and other employment related losses since on or about January 5, 2007, plus interest so as to render her whole from the unlawful termination;
c. Award Plaintiff an additional amount as liquated damages equal to the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of Defendant's violations of the FMLA;
d. Award Plaintiff her costs of litigation, including witness fees and reasonable attorneys' fees pursuant to FMLA; and
e. Grant Plaintiff such further and additional equitable relief as this Court deems just and appropriate.

**ANSWER:** UPS admits that Plaintiff is asking the Court to grant the specific relief requested in the unnumbered Wherefore Paragraph, but denies that Plaintiff is entitled to any relief whatsoever. Answering further, UPS denies that it violated the FMLA or retaliated against Plaintiff in any way protected by law or statute.

- 9 -

Plaintiff requests a trial by jury.

**ANSWER:**  UPS admits that Plaintiff requests a trial by jury in the foregoing unnumbered paragraph.

WHEREFORE, having fully answered, UPS requests that this Court dismiss Count II of the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations of the Complaint fail to state a claim upon which relief can be granted.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery because she has failed to exercise reasonable efforts to mitigate her alleged damages.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from asserting any claim for punitive damages since any alleged discriminatory conduct would be contrary to UPS' anti-discrimination and anti-retaliation policies, programs and procedures, all of which constitute good faith efforts to comply with the applicable federal laws.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff may not recover any damages based on allegations of occurrences set forth in the Complaint that allegedly occurred more than 300 days prior to the date Plaintiff filed her charge of discrimination.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

QBACTIVE\920018.01128\6043281.1

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery on any harassment claim because She failed to promptly report alleged acts of harassment through UPS' established and communicated complaint channels.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover any damages because UPS exercised reasonable care to prevent and promptly correct any alleged harassing and discriminating behavior.

WHEREFORE, having fully answered, UPS requests that this Court dismiss the Complaint and award UPS its costs, including attorneys' fees, and other relief the Court deems just.

Dated:  February 29, 2008                    UNITED PARCEL SERVICE, INC.

                                             By:   /s/ Meghan E. Riley
                                                   One of Its Attorneys

John A. Klages
Ellen M. Girard
Meghan E. Riley
Quarles & Brady LLP
500 West Madison Street, Suite 3700
Chicago, IL 60661
(312)  715-5000
(323) 715-5155 (Fax)
jk2@quarles.com
egirard@quarles.com
meriley@quarles.com

QBACTIVE\920018.01128\6043281.1

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on February 29, 2008, a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> Randall Gold
> Fox & Fox, S.C.
> 124 West Broadway
> Monona, WI  53716
>
> Joshua Karmel
> The Karmel Law Firm
> 221 N. LaSalle St., Suite 1441
> Chicago, IL  60603

/s/ Meghan E. Riley